IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LOUIE, | 1:07-cv-01762 AWI GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER (Document 5) |
| vs. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF CALAVERAS, | |
| Defendant. | |

On May 9, 2007, Plaintiff filed a complaint in the Eastern District of California, Sacramento Division, case number 2:07-cv-00878 WBS KJM, for injunctive and declaratory relief against the California Judicial Council, Superior Courts for the Counties of Alpine, Calaveras, El Dorado, Lassen, Mendocino, Modoc, Placer, San Mateo, Solano, all the aforementioned counties, and Does 1-50. On July 13, 2007, Plaintiff filed an amended complaint. On September 11, 2007, the Superior Court of California in Calaveras County was dismissed from that action with prejudice by stipulation and order of Magistrate Judge Kimberly J. Mueller. In addition, on September 14, 2007, Plaintiff filed a Notice of Dismissal of Defendant County of Calaveras pursuant to Federal Rule of Civil Procedure 41(a)(1) in that same action.

Subsequently, on October 18, 2007, Magistrate Judge Mueller issued an order regarding a Motion to Sever filed by El Dorado County. The Court indicated that Plaintiff did not oppose the

1

1  motion and that Plaintiff contended the remaining defendants were in the process of settling.
2  Accordingly, the Court issued an order directing Plaintiff to file dispositional documents within 30
3  days of the date of the order as to all remaining defendants in that action except for defendant El
4  Dorado County.  The Court further ordered that for all defendants not dismissed within thirty days,
5  the motion to sever filed by El Dorado County was granted and the Clerk of the Court was directed
6  to open separate civil actions for each remaining defendant.  The Court dictated that any action
7  against defendant Calaveras County was to be transferred to the Eastern District of California,
8  Fresno Division.

9  　　　　On December 4, 2007, the matter was transferred to the Eastern District of California, Fresno
10 Division and was designated as case number 1:07-cv-01762 AWI GSA.  The complaint appeared to
11 name the Superior Court for the County of Calaveras and Calaveras County as defendants.  At the
12 time this matter was transferred, this court issued an Order Setting Mandatory Scheduling
13 Conference requiring Plaintiff to diligently pursue service of summons and complaint and to dismiss
14 those defendants against whom Plaintiff would not pursue claims.

15 　　　　It appearing that the defendants named in the present action were dismissed prior to transfer
16 of the action to the Eastern District Court of California, Fresno Division, the court issued an order to
17 show cause on January 28, 2008.  Plaintiff was ordered to show cause, if any, why he had not sought
18 a voluntary dismissal of the present action or why he had not otherwise prosecuted this matter in
19 accordance with this Court's Order Setting Mandatory Scheduling Conference.  Plaintiff was
20 directed to file a written response to the Order to Show Cause within twenty (20) days of the date of
21 the order.  More than twenty (20) days have passed and Plaintiff has not filed a response to the show
22 cause order or otherwise pursued this action.

23 　　　　Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules
24 or with any order of the Court may be grounds for the imposition by the Court of any and all
25 sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
26 control their dockets and "[i]n the exercise of that power they may impose sanctions including,
27 where appropriate . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).
28

2

1  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
2  failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g</u>. Ghazali v. Moran, 46
3  F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963
4  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
5  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for
6  failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
7  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
8  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
9  prosecution and failure to comply with local rules).

10  In determining whether to dismiss an action for lack of prosecution, failure to obey a court
11  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
12  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
13  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
14  (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
15  1423; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

16  In the instant case, the court finds that the public's interest in expeditiously resolving this
17  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The complaint
18  in this matter names defendants who appear to have been dismissed prior to transfer of the action to
19  this court.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
20  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
21  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
22  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
23  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will
24  result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at
25  1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring
26  plaintiff to respond to the order to show cause or otherwise prosecute this action expressly stated:
27  "Failure to respond to this Order to Show Cause within the time specified will result in dismissal of
28

3

1  this action." Thus, plaintiff had adequate warning that dismissal would result from his
2  noncompliance with the court's order.
3      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
4  plaintiff's failure to obey the court's order entered on January 28, 2008.
5      These findings and recommendation are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
7  after being served with these findings and recommendations, plaintiff may file written objections
8  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
9  and Recommendation."  The parties are advised that failure to file objections within the specified
10 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
11 Cir. 1991).
12     IT IS SO ORDERED.
13     Dated:   **March 10, 2008**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE

4